10-4120-cv
Palmer v. N.Y. State Office of Court Admin., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
          ROBERT D. SACK,
                    <u>Circuit Judge</u>,
          JED S. RAKOFF,[*]
                    <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X
DIANE PALMER,
        <u>Plaintiff-Appellant</u>,

        -v.-                                    10-4120-cv

NEW YORK STATE OFFICE OF COURT
ADMINISTRATION, and THE STATE OF NEW
YORK,
        <u>Defendants-Appellees</u>,
- - - - - - - - - - - - - - - - - - - -X

---

[*]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**              A.J. Bosman, Bosman Law Firm, Rome, New York.

**FOR APPELLEES:**             Barbara D. Underwood (Andrea Oser, Zainab A. Chaudhry, <u>on the brief</u>), <u>for</u> Eric T. Schneiderman, New York State Attorney General, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Diane Palmer appeals from the judgment of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>), granting summary judgment in favor of defendants-appellees. Palmer sued the New York State Office of Court Administration ("OCA") and the State of New York (the "State") for allegedly discriminating against her on the basis of her disabilities--hypoglycemia and asthma-- and unlawfully retaliating against her while she was employed by Defendants as a court reporter. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's decision granting summary judgment <u>de novo</u>. <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine [disputes] of material fact and that the moving party is entitled to judgment as a matter of law." <u>Id.</u> In determining whether there are genuine disputes of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted).

"We review <u>de novo</u> a district court's dismissal of a suit pursuant to a motion for judgment on the pleadings." <u>Desiano v. Warner-Lambert & Co.</u>, 467 F.3d 85, 89 (2d Cir. 2006).

2

We review the district court's denial of leave to amend _de novo_ to the extent it rests on a legal conclusion; otherwise, we review for abuse of discretion.  See _Arrowood Indem. Co. v. King_, 699 F.3d 735, 739 (2d Cir. 2012).

1.  Palmer's claims under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act") are time-barred, and the district court therefore did not err in denying Palmer leave to amend her complaint to include those claims.  Equitable tolling is unavailable because no "extraordinary circumstances prevented [Palmer] from timely performing a required act."  _Walker v. Jastremski_, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted).  The Supreme Court's intervening decision in _Board of Trustees of the University of Alabama v. Garrett_, 531 U.S. 356 (2001), foreclosed Palmer's claim under Title I of the ADA; however, _Garrett_ did not affect Palmer's ability to bring claims under Title II or the Rehabilitation Act.  _Cf._ _Rochester Gas & Elec. V. GPU, Inc._, No. 00-CV-6369, 2006 U.S. Dist. LEXIS 96167, at *4-5 (W.D.N.Y. Sept. 25, 2006) ("I agree with RG&E that the _Consolidated Edison_ decision clearly and unequivocally provides plaintiff with what this Court and others thought was a _previously unavailable theory of recovery . . . ._" (emphasis added)).  Palmer should have brought all of her claims at the outset.

2.  Palmer's claim for prospective injunctive relief under Title I of the ADA fails because she neglected to name a state official acting in his or her official capacity as a defendant.  _See_ _Santiago v. N.Y. State Dep't of Corr. Servs._, 945 F.2d 25, 32 (2d Cir. 1991).  Palmer was required to do so in order to attempt to avail herself of the exception to Eleventh Amendment immunity under _Ex parte Young_, 209 U.S. 123 (1908).  _See_ _id._  Since Palmer never asked the district court for leave to amend her Second Amended Complaint in order to add a state official as a defendant (and never identified the person she would sue), the district court did not abuse its discretion in denying leave to do so.

3.  Palmer's claim against the State under Title VII of the Civil Rights Act of 1964 fails because Palmer never alleged discrimination on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Her earlier state administrative complaints are therefore not "protected activit[ies]," and she may not allege

retaliation under Title VII in this case.  <u>See</u> <u>Reed v. A.W. Lawrence & Co., Inc.</u>, 95 F.3d 1170, 1178 (2d Cir. 1996) ("To establish a prima facie case for retaliation, a plaintiff must show that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action.").

For the foregoing reasons, and finding no merit in Palmer's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4